**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000329
16-FEB-2018
02:22 PM**

NOS. CAAP-17-0000329, CAAP-17-0000330, CAAP-17-0000331

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HARDY K. AH PUCK, JR., Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 12-1-0527 (S.P.P. NO. 16-1-0016(2))
(CR. NO. 12-1-0560/FC-CR No. 12-1-0272
(S.P.P. NO. 16-1-0017(2)))
(CR. NO. 15-1-0527 (S.P.P. NO. 16-1-0018(2)))

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we lack jurisdiction over the consolidated appeal[1] that Petitioner-Appellant Hardy K. Ah Puck, Jr. (**Appellant**) has asserted from the Circuit Court of the Second Circuit's "Findings of Fact, Conclusions of Law, and Judgment Denying Petition to Vacate, Set Aside, or Correct a Judgment or to Release Petitioner from Custody," issued in each of SPP Nos. 16-1-0016(2), -0017(2), and -0018(2), because the appeal is untimely under Rule 4(b) of the Hawai'i Rules of Appellate Procedure (**HRAP**).

In this case, HRAP Rule 4(b) provides the controlling time period for filing a notice of appeal. "[P]ursuant to HRAP Rule 4(b)(1), an appeal from an order denying post-conviction

---

[1] This court consolidated Appeal Nos. CAAP-17-0000329, -0000330, and -0000331, under CAAP-17-0000329, on October 10, 2017.

relief must either be filed within thirty days after the entry of the order denying the HRPP Rule 40 petition or, in the alternative, after the announcement but before the entry of the order." Grattafiori v. State, 79 Hawai'i 10, 13, 897 P.2d 937, 940 (1995).

Here, the notices of appeal filed in Appeal Nos. CAAP-17-0000329, -0000330, and -0000331 were due within thirty days after entry of the January 14, 2017 FOF/COL/Order Denying Petition in each of SPP Nos. 16-1-0016(2), -0017(2), and -0018(2), according to HRAP Rule 4(b)(1). Appellant filed the notices of appeal on April 6, 2017, which was more than thirty days after January 14, 2017. There is no evidence before this court that Appellant was granted an extension of time to file any of the notices of appeal.

"In criminal cases, [the Supreme Court of Hawai'i] ha[s] made exceptions to the requirement that notices of appeal be timely filed." State v. Irvine, 88 Hawai'i 404, 407, 967 P.2d 236, 239 (1998). Specifically, the Supreme Court of Hawai'i has permitted belated appeals under two sets of circumstances:

> (a) [when] defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the first instance, or (2) [when] the lower court's decision was unannounced and no notice of the entry of judgment was ever provided.

Grattafiori v. State, 79 Hawai'i at 13-14, 897 P.2d at 940-41 (citations omitted). These two exceptions do not apply here because (1) the case does not involve an appeal from Appellant's criminal convictions in the first instance and (2) the circuit court clearly announced its decisions by filing each FOF/COL/Order Denying Petition. The appeal is not timely.

"As a general rule, compliance with the requirement of the timely filing of a notice of appeal is jurisdictional, . . . and we must dismiss an appeal on our own motion if we lack jurisdiction." Grattafiori v. State, 79 Hawai'i at 13, 897 P.2d at 940 (citations, internal quotation marks, and brackets omitted); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court

for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal.").

Accordingly, IT IS HEREBY ORDERED that appellate court case number CAAP-17-0000329 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, February 16, 2018.

Presiding Judge

Associate Judge

Associate Judge